MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2019 ME 30
Docket:      Pen-18-258
Argued:      February 4, 2019
Decided:     February 26, 2019

Panel:       SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, HJELM, and CLIFFORD, JJ.

# STATE OF MAINE

v.

# JEFFREY A. COOKSON

JABAR, J.

[¶1]  Jeffrey A. Cookson appeals from a judgment entered by the Superior Court (Penobscot County, *Cole, C.J.*) denying his motion for a new trial, which he brought pursuant to Maine's post-conviction DNA analysis statute, *see* 15 M.R.S. §§ 2136-2138 (2018).

[¶2]  The focal point of this appeal is one of the "prerequisites" for obtaining a new trial based on newly discovered DNA evidence: "a showing that *only* the perpetrator of the crime could be the source of the DNA evidence . . . ." *See State v. Reese*, 2013 ME 10, ¶¶ 19, 23, 60 A.3d 1277.  Because we discern no error in the court's denial of Cookson's motion for a new trial, we affirm the judgment.

## I. BACKGROUND

[¶3] In December 2001, Cookson was convicted of two counts of murder following a jury trial. Immediately after the jury returned its verdict, Cookson's counsel informed the court and the State that David Vantol had recently confessed to committing the murders for which Cookson had just been found guilty. Cookson has since filed multiple post-judgment motions; this appeal marks the fourth time that Cookson has appealed a post-judgment court order. *See generally Cookson v. State*, 2014 ME 24, 86 A.3d 1186; *Cookson v. State*, 2011 ME 53, 17 A.3d 1208; *State v. Cookson*, 2003 ME 136, 837 A.2d 101.

[¶4] The present appeal concerns Cookson's motion for a new trial based on mitochondrial DNA testing that was performed in April 2016 at his request. The test compared the DNA from a single hair that was recovered from the palm of one of the victim's hands to the DNA of Cookson and Vantol. The results of the DNA analysis *excluded* Cookson as the source of the hair, and were *inconclusive* as to Vantol.

[¶5] Based on the DNA results, Cookson moved for a new trial pursuant to 15 M.R.S. § 2138. Following an evidentiary hearing, the parties entered stipulations into the record and submitted written arguments. The court then

denied Cookson's motion for a new trial. Cookson timely appeals. *See* 15 M.R.S. § 2138(11); M.R. App. P. 2B(b)(1).

## II. DISCUSSION

[¶6] "To obtain a new trial based on newly discovered DNA evidence obtained through a post[-]judgment motion for DNA analysis, a defendant must establish by clear and convincing evidence one of three statutorily identified reasons for the granting of a new trial."[1] *Reese*, 2013 ME 10, ¶ 23, 60 A.3d 1277. Maine's post-conviction DNA analysis statute imposes the following standard on courts charged with determining whether to grant a new trial:

> If the results of the DNA testing under this section show that the person is not the source of the evidence, the person authorized in section 2137 must show by clear and convincing evidence that:
>
> **A**. Only the perpetrator of the crime or crimes for which the person was convicted could be the source of the evidence, and that the DNA test results, when considered with all the other evidence in the case, old and new, admitted in the hearing conducted under this section on behalf of the person show that the person is actually innocent. . . .
>
> **B**. Only the perpetrator of the crime or crimes for which the person was convicted could be the source of the evidence, and that the DNA test results, when considered with all the other evidence in the case, old and new, admitted in the hearing conducted under

---

[1] In the present case, Cookson asserts that he is entitled to relief based on two of the three statutory bases. *See* 15 M.R.S. § 2138(10)(A)-(B) (2018). Cookson waived his right to relief pursuant to the third statutory basis, *see* 15 M.R.S. § 2138(10)(C), stating that he must "concede that for purposes of this DNA review [§ 2138(10)(C)] will tragically not provide [him] relief solely because trial counsel could have obtained these same results before trial."

this section on behalf of the person would make it probable that a different verdict would result upon a new trial . . . .

15 M.R.S. § 2138(10)(A)-(B). Therefore, with regard to both subsections, Cookson has the burden of establishing, by clear and convincing evidence, that only the perpetrator of the crimes for which he was convicted could be the source of the hair. *See id.*; *Reese*, 2013 ME 10, ¶ 23, 60 A.3d 1277.

[¶7] In denying Cookson's motion for a new trial, the court made the following relevant findings:

> The court finds that subsections (A) and (B) likewise cannot provide to Petitioner the requested relief in this matter. Both subsections require "only the perpetrator of the crime or crimes for which the person was convicted could be the source of the evidence," yet Cookson has not shown by clear and convincing evidence that the hair in question could have belonged to no one but the perpetrator of the crime . . . . [M]any unexplored and plausible scenarios involving several possible sources of the hair could have led to the hair falling into [the victim's] hand. The record is simply absent of clear and convincing evidence that the hair was related to the murders at all, and much less that it could have only come from the perpetrator.

[¶8] Cookson contends that because there was evidence of a scuffle at the crime scene, only the perpetrator's hair could have ended up in the victim's hand, and therefore the court erred by finding that he failed to meet his burden of proving, by clear and convincing evidence, that the hair found in the victim's

hand belonged to the perpetrator of the crimes.[2]  "Because the court in the matter before us determined that the perpetrator was *not* the only possible source of the DNA," and because Cookson has conceded that he is not entitled to relief pursuant to 15 M.R.S. § 2138(10)(C), we must determine "whether the court erred in determining that the DNA could have come from a source other than the perpetrator of the crime . . . ." *See Reese,* 2013 ME 10, ¶ 24, 60 A.3d 1277.

> We review a court's factual findings on a motion for a new trial for clear error. . . .  Additionally, when reviewing on appeal findings of fact that must be proved by clear and convincing evidence, we determine whether the factfinder could reasonably have been persuaded that the required factual finding was or was not proved to be highly probable.

*State v. Bates*, 2018 ME 5, ¶ 10, 177 A.3d 621 (quotation marks omitted).

[¶9]  Contrary to Cookson's contentions, nothing about the hair found in the victim's hand tends to support, by clear and convincing evidence, his claim that the hair could only belong to the perpetrator.  *See Cooper v. Brown*,

---

[2]  Additionally, Cookson contends that the court erred in its interpretation of the statute by not conforming to the statutorily articulated standard of clear and convincing evidence.  Contrary to Cookson's argument, the court properly stated and applied the clear and convincing standard to the facts of this case.  The fact that the court drew attention to the hair sample not being compared with the victims' DNA, and the wide-array of people who have "slept in the bed" or "resided in the home," is not indicative of an erroneous interpretation of the prerequisite in § 2138(10)(A)-(B).  Rather, it is merely the reasoning used by the court in addressing its finding that Cookson failed to meet his burden of proving by clear and convincing evidence that only the perpetrator of the crime could be the source of the hair.  *See Reese,* 2013 ME 10, ¶ 29, 60 A.3d 1277.

510 F.3d 870, 881 (9th Cir. 2007) ("Only hairs with anagen roots can be used to identify an assailant because only they, as contrasted with a cut or broken hair, can indicate that the victim may have pulled the perpetrator's hair in a struggle."). As the court properly found, the hair could have come from other sources, such as either victim, the individual who discovered the victim's body and "checked her pulse," or from any other person that slept in the bed or resided in the home. *See United States v. MacDonald*, 966 F.2d 854, 860 (4th Cir. 1992) ("The most that can be said about the evidence is that it raises speculation concerning its origins. Furthermore, the origins of the hair . . . have several likely explanations other than [the perpetrator].")

### III. CONCLUSION

[¶10] Because the court did not err in its determination that Cookson failed to prove by clear and convincing evidence that the hair found on the victim could only have come from the perpetrator of the crime, the court did not err in denying Cookson's motion for a new trial. *See Reese,* 2013 ME 10, ¶¶ 25-28, 60 A.3d 1277.

The entry is:

Judgment affirmed.

Richard L. Hartley, Esq. (orally), Law Office of Richard L. Hartley, P.C., Bangor, for appellant Jeffrey A. Cookson

Janet T. Mills, Attorney General, and Donald W. Macomber, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee State of Maine

Penobscot County Superior Court docket number CR-2000-11
FOR CLERK REFERENCE ONLY